UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| ELVERT S. MAYS and <br> GLENDA G. SEXTON | ) <br> ) <br> ) | Civil No. 10-350-GFVT |
| Plaintiffs, | ) <br> ) | |
| V. | ) <br> ) | **MEMORANDUM OPINION** |
| PAUL E. BRADEN | ) <br> ) | **& ORDER** |
| Defendant. | ) <br> ) <br> ) <br> ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on various motions made by the parties as well as third parties including the pro se Plaintiffs' Motions for Summary Judgment [R. 9], Permission to Substitute a Party [R. 21 and 24], Defendant's Motion to Dismiss [R. 8], and third party Whitley County's Motion to Intervene [R.26]. For the reasons set forth below, the Defendant's Motion to dismiss the current action will be granted.

**I.**

In their Complaint [R. 2] and Amended Complaint [R. 6], the Plaintiffs allege that the Defendant, Judge Paul E. Braden, a Senior Circuit Judge of Whitley County, violated their civil rights while presiding over Plaintiff Sexton's state court divorce proceeding. It is worth noting, as a preliminary matter, that Judge Braden is recently deceased [R. 19]. With respect to the current suit, Plaintiffs allege that Judge Braden is liable under 42 U.S.C. §1983 because of various decisions he made from the bench during the divorce proceeding and that Judge Braden

made judicial determinations pertaining to Sexton's social security income violating 42 U.S.C §407.

Plaintiffs also argue that Judge Braden is liable under 42 U.S.C. §1983 for judicial decisions he made while presiding over a defamation suit involving the Plaintiffs. Additionally, Sexton makes nebulous statements referencing sexual advances that Judge Braden allegedly made towards Sexton, but she does not provide details as to when these occurred or how they pertain to the current action. In essence, the current suit is one where Plaintiffs seek to simply re-litigate, in federal court, Judge Braden's determinations concerning marital property made in a prior state court action.

## II.

Defendant seeks dismissal under FRCP 12(b)(6). In reviewing a Rule 12(b)(6) motion, the Court "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] its allegations as true, and draw[s] all inferences in favor of the plaintiff." *DirecTV, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007) (citation omitted). The Court, however, "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)). Recently, the Supreme Court explained that in order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). *See also Courier v. Alcoa Wheel & Forged Products*, 577 F.3d 625, 629 (6th Cir. 2009). Stated otherwise, it is not enough for a claim to be merely possible; it must also be "plausible." *See Courier*, 577 F.3d at 630. According to the Court, "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556.).

Pro se pleadings are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). While pro se litigants are allowed some leniency in this area, "[l]iberal construction does not require a court to conjure allegations on a litigant's behalf." *Erwin v. Edwards*, 22 Fed.Appx. 579, 580 (6th Cir. 2001). Thus, the Plaintiffs' pleadings must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

## III.

### A.

The Plaintiffs various allegations allege that Judge Braden violated 42 U.S.C. §1983. In order for a Plaintiff to successfully sue on a 42 U.S.C. § 1983 action, he "must establish that: 1) he was deprived of a right secured by the federal Constitution or laws of the United States; 2) the deprivation was caused by a person acting under color of state law; and 3) the deprivation occurred without due process of law." *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994). Construing the Plaintiffs' pleadings leniently, it appears that they allege that Sexton was deprived of property without due process, as required by the 14th Amendment, by Judge Braden while he was acting as a state court judge.

Whether these facts are sufficient to satisfy the three required elements of a *prima facie* §1983 case need not be answered because the Plaintiffs' suit fails due to Judge Braden's judicial immunity. "[J]udges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump v. Sparkman*, 435 U.S. 349, 355-56 (1978) (citation

omitted). The doctrine of judicial immunity applies to suits such as this one which are grounded on alleged violations of 42 U.S.C. § 1983. *Id*. at 356 (citing *Pierson v. Ray*, 386 U.S. 547 (1967)).

The Plaintiffs' claims against Judge Braden are based on the Plaintiffs' disagreement over Judge Braden's judicial decisions and the manner in which he reached those decisions. The Plaintiffs also take umbrage over the fact that neither Judge Braden, nor the Supreme Court of Kentucky [R. 8, Attach. 9] deemed it necessary for Judge Braden to be recused from the divorce proceeding. These are the types of decisions a judge makes while performing his judicial functions and which, accordingly, cannot be the basis of valid §1983 suit. *Stump*, 435 U.S. at 355-56. To the extent the Plaintiffs' pleadings allege facts which may form the basis of other common law or state law causes of action against Judge Braden, the Court lacks jurisdiction to consider those claims as they do not present a federal question under 28 U.S.C. §1331.

**B.**

The Plaintiffs also seek to collaterally attack Judge Braden's decision concerning the division of marital property. The Plaintiffs allege that Judge Braden violated 42 U.S.C. §407 when he ordered Sexton to make payments totaling $10,000 to her ex-husband [R. 6]. Under 42 U.S.C. §407(a), social security benefits are not to be the subject of "execution, levy, attachment, garnishment, or other legal process, or [subject] to the operation of any bankruptcy or insolvency law." 42 U.S.C. §407(a).

In the "Judgment and Decree of Dissolution of Marriage" the Plaintiff cites, Judge Braden found it necessary to order Sexton to "pay [her ex-husband] $10,000 to equalize the property division and restore him his non-marital property." [R. 8, Attach. 8, 11]. Judge Braden thought this was necessary after taking "into consideration the fact that [Sexton] wrongfully sold

approximately $18,500.00 worth of [her ex-husband's personal property]." Nowhere in the Judgment does Judge Braden reference Sexton's social security income. He merely states that Sexton is responsible for paying $10,000 to her ex-husband. The mere fact that all of Sexton's income comes from social security does not mean that the prior judgment violated 42 U.S.C. §407. If it did, then anyone whose sole source of income was social security would forever be immune from civil judgments. As such, Plaintiffs' claim under 42 U.S.C. §407 fails as well.

### C.

Finally, the Plaintiffs argue that they are entitled to an entry of default or default judgment based on the purported procedural errors of the Defendant [R. 9]. Rule 55(a) states that a default is proper "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . ." FRCP 55(a). The Defendant moved for dismissal on February 8, 2011 [R. 8] while Plaintiffs filed their motion for default (stylized as a "Motion for Summary Judgment") on February 9, 2011 [R.9]. Because the motion for dismissal is properly considered "otherwise defending" the suit, the Plaintiffs' motion for default was not timely and is properly dismissed.

### IV.

For the reasons above, it is hereby **ORDERED** as follows:

1. The Defendant's Motion to Dismiss [R. 8] is **GRANTED;**

2. The case is **DISMISSED WITHOUT PREJUDICE;**

3. All other pending motions are **DISMISSED** as moot.

This the 26th day of September, 2011.

Signed By:
*Gregory F. Van Tatenhove*
United States District Judge